# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GARY L. MEENEN, JR.,<br><br>                   Plaintiff,<br>v.<br><br>OFFICER BADTKE,<br><br>                   Defendant. | Case No. 24-CV-1646-JPS<br><br>**ORDER** |

Plaintiff Gary L. Meenen, Jr., an inmate confined at the Wisconsin Resource Center, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Officer Badtke ("Badtke") violated his constitutional rights. ECF No. 1. On March 19, 2025, the Court screened the complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 9. On April 3, 2025, Plaintiff filed an amended complaint. ECF No. 11. This Order screens Plaintiff's amended complaint.

1.     **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing

*Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

Everything with Badtke started shortly after Plaintiff was released from segregation. ECF No. 11 at 2. Plaintiff did not have any tremors or seizures before this. *Id.* Plaintiff has a mental health issue and code. *Id.* Upon release from segregation, Plaintiff was instructed to come to the office to get meds or paperwork. *Id.* Plaintiff complied and Badtke ignored him. *Id.* Plaintiff walked away and attempted to come back later to address the situation with Sergeant Jones. *Id.* When questioned by Jones, Badtke responded, "it's med's[sic] but he would know that if he wasn't such a

baby." *Id.* at 2–3. Other inmates heard Badtke's comments, and these words brought back flashbacks of Plaintiff's childhood that put him in fight or flight mode. *Id.* at 3.

On November 5, Plaintiff was forced to stop eating his religious diet because Badtke dealt with his meals. *Id.* This resulted in Plaintiff becoming malnourished. *Id.* These proceedings caused Plaintiff to be harassed by other inmates and treated unfairly. *Id.* As a result of being mistreated, Plaintiff had to go to a new facility for mental health treatment and suicidal thoughts. *Id.*

3.  **ANALYSIS**

Similar to the first screening order, the Court does not find that Badtke's actions rose to the level of a constitutional violation. Except in exceptional circumstances, verbal abuse or harassment from prison officials does not constitute cruel and unusual punishment. *See Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), abrogated in part on different grounds by *Savory v. Cannon*, 947 F.3d 409, 423–24 (7th Cir. 2020) (*en banc*). But when the comments are repeated or of a certain nature, they may increase the plaintiff's risk of physical or psychological harm from fellow inmates. *See Beal*, 803 F.3d at 358–59. For example, statements by correctional officers made in front of other incarcerated persons about a plaintiff's sexual orientation could increase that plaintiff's risk of sexual assault or harassment. *Id.* In that scenario, verbal harassment may support an Eighth Amendment claim. *Id.*

Here, Plaintiff alleges that Badtke called him a baby and other inmates heard this interaction. Plaintiff further alleges that he had to stop eating his religious diet when Badtke delivered his meals, but it is not clear from the allegations why Plaintiff believed he had to do this or why it was

related to the name calling. While rude and unprofessional, the Court does not find that Badtke's one instance of name calling increased Plaintiff's risk of physical or psychological harm. The Court therefore finds that the alleged comments do not rise to the level of a constitutional violation. As such, the Court finds that the Plaintiff fails to state a claim upon which relief can be granted.

4.  **CONCLUSION**

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and the Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss the case for Plaintiff's failure to state a claim and will issue him a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.